FILED

MAY 3 0 2008

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAMIRO DE LOS SANTOS | § | |
|     Plaintiff | § | Case No.: _____ |
| v. | § | |
| Palisades Acquisition IV, LLC; | § | **COMPLAINT AND JURY DEMAND** |
| Collins Financial Services, Inc.; | § | |
| Paragon Way, Inc.;  and | § | 5 A08CA0394 **FB** |
| Federal Bond and Collection Service | § | |
| Inc dba FBCS Inc. | § | |
| | § | |
|     Defendants | §§ | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, RAMIRO DE LOS SANTOS ("De Los Santos") brings suit against Defendants

Palisades Acquisition IV, LLC ("Palisades") Collins Financial Services, Inc. ("Collins

Financial"), Paragon Way, Inc. ("Paragon") and Federal Bond and Collection Service Inc d/b/a

FBCS, Inc. ("FBCS") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et

seq., (F.D.C.P.A.), the Fair Credit Reporting Act, 15 U.S.C. 1691 *et seq.*, (F.C.R.A.), the Texas

debt collection act, Ch. 392 Tex. Fin. C., and for related claims.

### A.    JURISDICTION AND VENUE.

1.    The Court has federal question jurisdiction over the lawsuit because the action arises

under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.) and the Fair

Credit Reporting Act, 15 U.S.C. 1691 *et seq.*, (F.C.R.A.).  Jurisdiction of the Court arises under

28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the F.D.C.P.A.

and the F.C.R.A. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.  The court

has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because

said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

2.      Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in San Antonio County, Texas.

3.      Plaintiff is an individual who resides at 424 Balboa St., San Antonio, TX 78237, Bexar County.

4.      Defendant **Palisades Acquisition IV, LLC** is a Delaware limited liability company. Said Defendant engages in business in Texas but does not maintain designated agent for service of process in Texas. This suit arose out of said Defendant's business in Texas.  Tex. Civ. Prac. & Rem. Code §§17.044(b), 17.045. Therefore said Defendant may be served with process **by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701**. The Texas Secretary of State may also forward a copy of the citation and petition of this cause to **Palisades Acquisition IV, LLC., PO BOX 160758, Austin, TX 78716**.  This is the address used by said Defendant in the its prior state court collections lawsuit against Plaintiff. The court has jurisdiction over said Defendant, a nonresident, because said Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas by filing suit to collect an alleged debt against Plaintiff, and by committing in Texas the statutory and common law violations that form the basis of this suit.

5.      Defendant **Collins Financial Services, Inc** is a Texas corporation with its principal place of business at 2101 West Ben White Boulevard, Suite 103, Austin, TX 78704. Said Defendant may be served through its **registered agent Walt A. Collins, 2101 West Ben White Boulevard, Suite 103,**

2

**Austin, TX 78704 (home address: 2300 Barton Creek #32, Austin, TX 78735-1686**).

6.      **Defendant Paragon Way, Inc.** is a Texas corporation with its principal place of business at 2101 West Ben White Boulevard, Suite 103, Austin, TX 78704. Said Defendant may be served **through its registered agent Walt A. Collins, 2101 West Ben White Boulevard, Suite 103, Austin, TX 78704 (home address: 2300 Barton Creek #32, Austin, TX 78735-1686).**

7.      Defendant **Federal Bond and Collection Service Inc dba FBCS Inc.** is a foreign corporation organized and existing in the state of Pennsylvania with its principal address at 2200 Byberry Road, Suite 120, Hatboro, PA 19040.  Said Defendant **may be served through its Texas registered agent, C T Corporation System, 350 North St. Paul St., Dallas, TX 75201**. The court has jurisdiction over said Defendant. Said Defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas. Said Defendant engaged in business in Texas by attempting to collect an alleged debt against Plaintiff in Texas in a manner that violated the Texas debt collection practice act and that form the basis of the other claims brought by way of this complaint.

8.      All conditions precedent necessary to maintain this action have been performed or have occurred.

## B.    STATEMENT OF FACTS

9.      On or about October 5, 2005 Defendant Palisades filed a state court lawsuit debt collection lawsuit against Plaintiff De Los Santos in Palisades Acquisitions IV, LLC, As Assignee of Household Bank v. Ramiro De Los Santos, Cause No. 307146, Bexar County Court

at Law No. 2 ("the underlying action"). In the underlying action Defendant Palisades sought to collect a credit card debt allegedly owed to Household Bank. Palisades filed the suit a full two years outside the statute of limitations period.

10.     De Los Santos retained Texas Rio Grande Legal Aid, Inc. who filed counterclaims for violations of the F.D.C.P.A., and for related claims. The parties vigorously litigated their claims and defenses.

11.     Plaintiff De Los Santos and Defendant Palisades parties entered into a settlement agreement resolving all claims and disputes between them in the state court action.

12.     The settlement extinguished the alleged credit card debt sought in the underlying action ("the extinguished debt").

13.     Under the terms of the settlement Defendant Palisades would contact the credit reporting agencies to delete any reference to the extinguished debt.

14.     On July 19, 2006 the parties filed an agreed dismissal with prejudice pursuant to the terms of their settlement.

15.     Despite the terms of the settlement, Defendants Palisades, Paragon, Collins Financial and FBCS each continued debt collection attempts. Defendants assigned and reassigned the extinguished between themselves for further collection.

16.     On information and belief, each Defendant continued to collect the extinguished debt knowing that the debt was extinguished, or acting with a conscious disregard as to whether the

4

debt was extinguished. On information and belief, Defendant Palisades, Paragon and Collins Financial are sham shell companies for each other. All three companies share the same post office box, P.O. Box 160758, Austin, TX 78716.

17.    In the alternative, also on information and belief, each debt collector from Defendant Palisades to Defendant Paragon, to Defendant Collins Financial to Defendant FBCS failed to disclose to the subsequent debt collector that the debt was extinguished.

18.    Defendant Paragon represented to the credit reporting agencies that the extinguished debt was owed to Paragon for some of the same periods of time that Defendant Palisades was representing through litigation in the underlying action that the debt was owed to Palisades. Defendant Palisades litigated the underlying action from October 2005 to July 2006.

19.    Defendant Paragon and Defendant Palisades represented to the credit reporting agencies at the same time that the same debt was owed to each of them.

20.    Defendants Palisades, Paragon, Collins Financial and/or FBCS reported to the credit reporting agencies that the debt was owed to them, even after the date of the settlement in the underlying action and the July 2006 dismissal of said action.

21.    None of the Defendants who reported the extinguished debt to the credit reporting agencies even noted that the debt was disputed, even after the date of the settlement in the underlying action and the July 2006 dismissal of said action.

22.    After date of the settlement in the underlying action Plaintiff disputed said debt with the credit reporting agencies but the debt was verified by Defendants Palisades, Paragon, Collins

5

Financial and/or FBCS.

23.     Even after the settlement and dismissal of the underlying action, Defendants Palisades, Paragon, Collins Financial and/or FBCS continued to send Plaintiff dunning letters for the extinguished debt.

24.     Within 12 months of the filing of this lawsuit, Defendants Palisades, Paragon, Collins Financial and/or FBCS continued to send Plaintiff dunning letters for the extinguished debt and even received payments from Plaintiff in response to said duns.

25.     After receipt of said payments, Defendants Palisades, Paragon, Collins Financial and/or FBCS continued to dun for the extinguished debt and did not even credit Plaintiff for said payments.

26.     From the date of the filing of the underlying action in October 2005 through the date of the filing of this lawsuit Defendants Palisades, Paragon, Collins Financial and/or FBCS did not have as bond on file as required by Tex. Fin. C. § 392.101. Defendant Palisades did not register to do business in Texas even while seeking to collect debts through litigation and through dunning.  For these reasons and others Defendants did not have standing or capacity to sue, dun or otherwise seek to collect consumer debts in the state of Texas.

27.     In May and June of 2007 Defendant FCBS repeatedly called Plaintiff regarding the settled debt. FCBS claimed to be with the Office of the Attorney General. Plaintiff told FCBS that the debt was settled. Plaintiff told FCBS that he was represented by counsel but FCBS continued to collect the settled debt directly from Plaintiff, making an end run around Plaintiff's counsel.

6

### COUNT # 1:  Violations  of  the  federal  Fair  Debt  Collection Practices Act.

28.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

29.     Plaintiff brings these F.D.C.P.A. claims as a "private attorney general" acting in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

30.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

31.     Each Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

32.     The obligation alleged by each Defendant is a "debt" as defined by 15 U.S.C. § 1692a(5).

33.     Defendants violated the following sections of the federal Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.,   (the "F.D.C.P.A."). By way of example and not limitation Defendants violated the F.D.C.P.A. by taking the following actions in an attempt to collect a debt: misrepresenting the character, status, and amount of the debt; communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; attempting to collect an amount not permitted by law or contract; threatening to take and actually taking an action prohibited by law, or threatening to take an action that is not intended to be taken; contacting a consumer when a consumer when they know or have reason to know the

consumer is represented by counsel; falsely representing or implying that they affiliated with any state governmental entity; using false, deceptive or misleading representations or means; using a unfair or unconscionable means; and engaging in conduct the natural consequence of which is to harass, oppress any person.

34.     Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande Legal Aid, Inc.

**COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 _et seq_**

35.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

36.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by Tex. Fin. C. § 392.001(1).

37.     Each Defendant is a "third-party debt collector" as that term is defined in Tex. Fin. C. § 392.001(7).

38.     The obligation alleged by each Defendant is a "consumer debt" as that term is defined in Tex. Fin. C. § 392.001(2).

39.     Defendants violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not limitation, in connection with an attempt to collect a consumer debt Defendants violated the act by: misrepresenting the character, status, and amount of the debt; making fraudulent, deceptive, or misleading representations; communicating or threatening to

communicate to any person credit information which is known or which should be known to be false; attempting to collect a consumer debt without first posting a bond with the Texas Secretary of State; using an unfair or unconscionable means to collect a debt; failing to correct its own records and to correct its reporting to the credit reporting agencies; using threats coercion or attempts to coerce; representing or threatening to represent to any person other than the consumer that a consumer is wilfully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute; threatening to take and actually taking an act prohibited by law; oppressing, harassing, or abusing a person; using language intended to abuse unreasonably the hearer or reader; making repeated or continuous telephone calls, with the intent to harass a person at the called number; collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

40.    A prevailing consumer in a Texas debt collection action is entitled to actual damages, additional statutory damages of $100.00 in *per violation*, and mandatory attorney's fees and cost, and these are so sought. Plaintiff seeks a permanent injunction to prohibit each Defendant from again violating the debt collection statutes. Plaintiff seeks and injunction ordering Defendants to remove the extinguished debt from the credit reports, to prevent them from again re-assigning the debt, and to prevent them from reporting to any third party that Plaintiff is liable for said debt. Plaintiff's claims are brought independently and by and through the D.T.P.A.

41.    Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande Legal Aid, Inc.

### COUNT # 3: Tort of unfair debt collection.

42.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

43.     The actions that violate the debt collection statute also constitute the tort of wrongful debt collection, which allows for the recovery of actual, exemplary and punitive damages, and which is so sought.  Duty v. General Finance Company, 273 S.W.2d 64 (Tex. 1954).

### COUNT # 4: Equitable relief sought under the D.T.P.A.

44.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

45.     Plaintiff seeks equitable relief under the D.T.P.A., which do not require presuit notice. Presuit D.T.P.A. notice is only "a prerequisite to filing a suit *seeking damages* under" Tex. Bus. Com. C. § 17.50(b)(1). Tex. Fin. C. § 17.505. Plaintiff does not seek such recovery at this time. Rather, at this time, Plaintiff limits his requested D.T.P.A. equitable relief to that authorized under Tex. Bus. Com. C. § 17.50(b)(2) (injunctive relief), § 17.50 (b)(3) ("orders necessary to restore to any party to the suit any money or property, real or personal, which may have been acquired in violation of" the D.T.P.A., § (b)(4) ("any other relief which the court deems proper, including the appointment of a receiver or the revocation of a license or certificate authorizing a person to engage in business in this state…"), and other equitable relief. Other equitable relief sought includes, without limitation, profit disgorgement, equitable disgorgement and fee forfeiture. Plaintiff seeks a permanent injunction barring each Defendant from again taking

actions that form the basis of this suit, from continuing to report this debt to the credit reporting agencies, from continuing to reassign the extinguished debt, and from continuing to represent to third-parties that Plaintiff owes the extinguished debt. Plaintiff need not show actual damages in order to obtain said equitable relief. Kinzbach Tool Co. v. Corbett-Wallace Corp., 160 S.W.2d 509, 514 (Tex. 1942); Watson v. Limited Partners of WCKT, Ltd., 570 S.W.2d 179, 182 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.); Russell v. Truitt, 554 S.W.2d 948, 952 (Tex. Civ. App.—Fort Worth 1977, writ ref'd n.r.e.); see also Restatement (Second) of Agency § 399 (1958) (listing remedies).

46.    Defendants violated Texas Deceptive Trade Practices Act. Defendant committed "false, misleading, or deceptive acts or practices" within the meaning of Tex. Bus. & Com. Code §17.46(a).

47.    Defendants actions also constitute an "unconscionable action or course of action" which, to Plaintiff's detriment, took advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree in violation of Tex. Bus. & Com. Code §17.50(a)(3).

48.    Defendants also violated the Texas debt collection act and those violations are brought by and through the D.T.P.A. as a "tie-in" claim.

49.    Although scienter is not a prerequisite for D.T.P.A. liability, Defendants took these actions knowingly and intentionally. .

50.    Plaintiff is entitled to recover reasonable and necessary attorney fees and costs under Tex. Bus. & Com. Code §17.50(d).  See Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d

812, 819 (Tex. 1997). The purpose for establishing mandatory attorney's fees is to protect the ordinary consumer from false, misleading or deceptive trade practices by well-funded defendants. As such, attorney's fees are both mandatory and reasonable even if the fees greatly exceed the actual damages awarded to the consumer. Jack Roach Ford v. De Urdanavia, 659 S.W.2d 725 (Tex. App.—Houston [14th Dist.] 1983, no writ) ($20,000.00 in attorney's fees approved on a recovery of $500.00 in actual damages); Tate v. Wiggins, 583 S.W.2d 640 (Tex. Civ. App.--Waco 1979, no writ) ($14,500.00 in fees approved on a recovery of $1,000.00 in actual damages to one of Plaintiff and $1,400.00 to the other); Seabury Homes, Inc. v. Burleson, 688 S.W.2d 712 (Tex. App.--Fort Worth 1985, no writ) ($15,000.00 in fees approved on a recovery of $2,000.00 in actual damages); IFG Leasing Co. v. Ellis, 748 S.W.2d 564 (Tex. App.-- Houston[14th Dist.] 1988, no writ) (an award of attorney's fees upheld even though the consumer only was awarded a certificate of title and no monetary damages.

51.     Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande Legal Aid, Inc.

## COUNT #5: Violation of the Fair Credit Reporting Act.

52.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.   The commonly used term "credit reporting agencies" is used interchangeably with the technical definition of that same term used by the F.C.R.A., "consumer reporting agencies."

53.     Defendants violated the Fair Credit Reporting Act ( "F.C.R.A."), 15 U.S.C. 1691 *et seq.* Without limitation, Defendants violated the F.C.R.A. by willfully or, in the alternative,

negligently verifying the amount and status of the debt in violation of 15 U.S.C. § 1681s-2(b). Defendants are liable for actual damages, statutory damages, punitive damages and attorney's fees for its F.C.R.A. violations.

54.     Defendants violated 15 U.S.C. § 1681i(a) by failing to correct or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies and conducting a reinvestigation and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

55.     Defendants communicated factual misrepresentation regarding Plaintiff's credit worthiness to the credit reporting agencies and, through the agencies, to prospective creditors seeking to extend credit, existing creditors reviewing the accounts to determine the terms upon which it would continue to offer credit, and promotional inquiries from prospective creditors seeking to determine if they should send Plaintiff credit particular credit offers. Defendants' false statements of Plaintiff's are libel per se. These statements made it more difficult for Plaintiff to obtain credit, maintain credit, or receive offers of credit on terms as favorable as they would be without Defendants' factual misrepresentations.

56.     After being informed by the credit reporting agencies that the Plaintiff disputed the accuracy of the information it was providing, Defendants willfully failed to conduct a proper investigation of the Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b)(A).

57.     Defendants willfully failed to review all relevant information purportedly provided by such credit reporting agencies to Defendants in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

58.    Defendants willfully failed to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the extinguished debt as required by 15 U.S.C. § 1681s-2(b)(C).

59.    Plaintiff has a private right of action to assert claims against Defendants arising under 15 U.S.C. § 1681s-2(b).

60.    Defendants are liable to Plaintiff for actual damages by has sustained by reason of Defendants F.C.R.A. violations in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681n.

61.    The conduct, action and inaction of Defendants was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent entitling the Plaintiff to recover pursuant to 15 U.S.C. § 1681o.

62.    The Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

63.    In the alternative to willful violations, Defendants' F.C.R.A. violations were committed negligently as stated below.

64.    After being informed by the credit reporting agencies that Plaintiff disputed the accuracy of the information it was providing, Defendants negligently failed to conduct a proper investigation of Plaintiff's dispute pertaining to the extinguished debt reported to the credit reporting agencies, as required by 15 U.S.C. § 1681s-2(b)(A).

65.     Defendants negligently failed to review all relevant information purportedly provided by such credit reporting agencies to Defendants in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

66.     Defendants negligently failed to direct such consumer reporting agencies to delete inaccurate information about Plaintiff pertaining to the disputed and settled debt, as required by 15 U.S.C. § 1681s-2(b)(C).

67.     Plaintiff has a private right of action to assert claims against Defendants arising under 15 U.S.C. § 1681s-2(b).

68.     Defendants are liable to Plaintiff for the actual damages he has sustained by reason of its violation of the F.C.R.A., in an amount to be determined by the trier of fact, together with his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o. Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande Legal Aid, Inc..

## COUNT #6: Libel/ Defamation

69.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

70.     Defendants committed the tort of liable against Plaintiff. Defendants' communicated factual misrepresentation regarding Plaintiff's credit worthiness to the credit reporting agencies and, through the agencies, to prospective creditors seeking to extend credit, existing creditors reviewing the accounts to determine the terms upon which it would continue to offer credit, if

any, and promotional inquiries from prospective creditors seeking to determine if they should send Plaintiff credit particular credit offers. Defendants' false statements of Plaintiff's are libel per se. These statements made it more difficult for Plaintiff to obtain credit, maintain credit, or receive offers of credit on terms as favorable as they would be without Defendants' factual misrepresentations. In the alternative, if Defendants made any of the statements in a manner other than in writing, Plaintiff brings these claims as slander. Plaintiff seeks strict liability damages, actual, exemplary and punitive damages for these violations.

## COUNT #7: Providing false credit information in violation of Tex. Fin. C. § 391.001 et seq.

71.    Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

72.    Defendants violation Tex. Fin. C. § 391.001 *et seq* by furnishing false credit information. Defendants furnished false information about Plaintiff's creditworthiness, credit standing, or credit capacity to a credit reporting agency in violation of Tex. Fin. C. § 391.002. Defendants is liable for statutory damages of $200.00 per violation, actual damages, exemplary and punitive damages, and attorney's fees and costs for its actions.

## COUNT # 8: Declaratory and injunctive relief.

73.    Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

74.    Plaintiff seeks declaratory relief that Defendants committed the above violations and an injunction to prevent Plaintiff from again engaging in the conduct giving rise to these claims.

Plaintiff seeks declaratory relief that the debt that formed the basis of he underlying action has in fact been extinguished. Plaintiff seeks and injunction ordering Defendants to remove the extinguished debt from the credit reports, to prevent them from again re-assigning the debt, and to prevent them from reporting to any third party that Plaintiff is liable for said debt. C.P.R.C. § 37.004(a) and 28 U.S.C. § 2201.

75.     Plaintiff seeks attorney's fees and costs. C.P.R.C. § 37.009; Butnaru v. Ford Motor Co., 84 S.W.3d 198, 210 (Tex. 2002) (injunction issued under principles of equity). Plaintiff seeks actual, exemplary and punitive damages.

## COUNT # 9: Fraud.

76.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

77.     Defendants made material and false representations When Defendants made the representations, it knew them to be false, or made the representations recklessly, as a positive assertion, and without knowledge of its truth. Defendants made the representations with the intent they be relied upon. The representation were in fact relied upon, causing Plaintiff injury. See Stum v. Stum, 845 S.W.2d 407, 416 (Tex.App.--Fort Worth 1992), overruled on other grounds, Humphreys v. Meadows, 938 S.W.2d 750, 751 (Tex.App.--Fort Worth 1996, writ denied). Plaintiff seeks exemplary and punitive damages for these acts.

## C.    COUNT # 10: Intentional misrepresentation.

78.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

79.     Defendants made false statements of fact; made promises of future performance with an intent, at the time the promise was made, not to perform as promised; made statements of opinion based on a false statement of fact; made statements of opinion that the maker knew to be false; or made an expression of opinion that was false, while claiming or implying to have special knowledge of the subject matter of the opinion. Defendants intentionally misrepresented the debt to the credit reporting agencies and to other debt collectors. These misrepresentations were relied upon and Plaintiff suffered harm. Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex. 1998). Plaintiff seeks exemplary and punitive damages for these acts.

### D.     COUNT # 11: Gross negligence, including negligent misrepresentation.

80.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

81.     Defendants owed a legal duty to Plaintiff.  Without limitation this includes the duty to use ordinary care in making representations and ascertaining the accuracy of information given to others. Edco Products Inc., 794 S.W.2d 69, 76-77 (Tex.App.—San Antonio 1990, writ denied); and the duty to use reasonable care in performing services. Colonial Sav. Ass'n, 544 S.W.2d 116, 119-20 (Tex. 1976). Defendants were grossly negligent in reporting the debt to the credit reporting agencies and to other debt collectors. Defendants breached their legal duty, and the breach proximately causing Plaintiff harm.  Defendants are also liable for negligent hiring, training, supervision or retention of competent employees. See, e.g. Morris v. JTM Materials, 78 S.W.3d 28, 49 (Tex.App.—Fort Worth 2002, no pet.). Plaintiff brings these negligence claims in

18

addition to the above causes of action, or, to the degree that the negligence claims are inconsistent with the above claims, the negligence claims are brought in the alternative to the above claims Plaintiff seeks exemplary and punitive damages for these acts.

### E.   COUNT # 12: Civil Conspiracy.

82.   Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

83.   This count is brought in the alternative to the degree it is inconsistent with the other theories of liability.

84.   Defendants conspired with each other to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. See Massey v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983); see also Triplex Communications, Inc. v. Riley, 900 S.W.2d 716, 719–20 (Tex. 1995); Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp., 435 S.W.2d 854, 856 (Tex. 1968).   A combination to commit a violation of the D.T.P.A. "per se an unlawful act" allowing conspiracy liability on each member of the combination. Laxson v. Giddens, 48 S.W.3d 408 (Tex.App.-Waco 2001).  Similarly, all of the intentional counts listed in this petition would meet this element. Triplex Comm., Inc. at 719. In addition to being a separate cause of action, civil conspiracy is also a method of participatory and vicarious liability, and is sought as such.

### F.   ATTORNEY'S FEES

85.   Attorney's fees are sought solely by attorney Ahmad Keshavarz, not by Texas RioGrande Legal Aid, Inc.

### G.   JURY DEMAND.

86.    Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### H.   PRAYER

87.    For these reasons, Plaintiff asks for judgment against Defendants for the following:

    i.    The above referenced relief requested;

    ii.    Statutory damages (including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.); $100 per violation pursuant to Tex. Fin. C.  § 392.403(e) (Texas debt collection act); $200.00 per violation Tex. Fin. C. § 391.002; and additional statutory damages under the F.C.R.A.

    iii.    Equitable relief including, but not limited to, fee forfeiture, profit disgorgement and equitable disgorgement;

    iv.    Actual, economic, punitive and exemplary damages within the jurisdictional limits of the court;

    v.    Attorney fees for attorney Ahmad Keshavarz, not for Texas RioGrande Legal Aid, Inc.

    vi.    Costs of court;

    vii.    Exemplary and punitive damages;

    viii.    Prejudgment and post-judgment interest as allowed by law;

    ix.    Costs of suit;

    x.    General relief;

    xi.    An injunction preventing Defendants from engaging in similar unlawful conduct now and in the future;

xii.   All other relief, in law and in equity, both special and general, to which

Plaintiff may be justly entitled.

Respectfully submitted,

Ahmad Keshavarz
ATTORNEY IN CHARGE FOR PLAINTIFF
State of Texas Bar Number: 24012957

The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 766-8376
Fax:    (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com

TEXAS RIO GRANDE LEGAL AID, INC.

By: Christina E. Trejo
Attorney at Law

            State of Texas Bar Number: 24003124

Texas RioGrande Legal Aid, Inc.
Houston Office
1010 Waugh Dr.
Houston, Texas 77019
Phone: (713) 528-6798 ext. 2257
Fax: (713) 630-2218
Email: CTrejo@trla.org